IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO GONZALES, <br> BOP #21449-078, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT COURT OF <br> BRAZORIA COUNTY, et al., <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-19-3111 |

## **MEMORANDUM OPINION AND ORDER**

The plaintiff, Alejandro Gonzales (BOP #21449-078), has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against the District Court of Brazoria County and the Court of Appeals for the State of Texas located in Houston. Gonzales has supplemented his Complaint by providing a response to the court's Order for More Definite Statement ("Plaintiff's Response") (Docket Entry No. 8). Because Gonzales is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C.

§ 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case will be dismissed for the reasons explained below.

## I. Background

Since July 23, 2013, Gonzales has been in federal custody as the result of drug-trafficking charges filed against him in the United States District Court for the Eastern District of Texas, Beaumont Division. Gonzales was accused of conspiracy to distribute more than one controlled substance, including cocaine, marijuana, and methamphetamine.[1] Gonzales was convicted of those charges and sentenced to 270 months in federal prison on January 30, 2014.[2]

Gonzales, who remains in custody of the United States Bureau of Prisons ("BOP"), has filed a Complaint against the District Court of Brazoria County located in Angleton, Texas, and the Court of Appeals for the State of Texas located in Houston.[3] His claims stem from the failure of state officials to prosecute him on criminal charges that were filed against him in Brazoria County.[4]

---

[1]Plaintiff's Response, Docket Entry No. 8, pp. 1-2. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]Id. at 2 (listing Criminal No. 1:13-cr-00055-003 as the case number for his federal conviction and sentence).

[3]Complaint, Docket Entry No. 1, p. 4.

[4]Id. at 5.

Gonzales explains that the Brazoria County Sheriff's Department obtained an arrest warrant for him in 2013, but that he was not arrested or prosecuted on those charges in Brazoria County District Court.[5] Instead, Gonzales was taken into federal custody and prosecuted in federal court on the above-referenced drug-trafficking charges.[6]

Gonzales does not provide details about the nature of the charges or the warrant for his arrest that was obtained by the Brazoria County Sheriff's Department in 2013. Gonzales references Brazoria County Case No. 202840W,[7] which appears related to a charge of assault causing bodily injury to a family member.[8] Public records reflect that those charges were filed as a misdemeanor in Brazoria County Court at Law #3, and not in Brazoria County District Court.[9]

In October of 2017 Gonzales sent a "Motion for Default Judgment and Failure to Prosecute" to the District Court of Brazoria County in an effort to vacate the arrest warrant against

---

[5]Plaintiff's Response, Docket Entry No. 8, p. 2.

[6]Id.

[7]Complaint, Docket Entry No. 1, p. 3.

[8]See State of Texas, County of Brazoria Court Records Inquiry, located at: https://pubweb.brazoriacountytx.gov (last visited Feb. 26, 2020). The only charges against Gonzales that the court could locate in Brazoria County were assault charges filed in Cause No. 202840.

[9]See id.

him and have any pending state court criminal charges dismissed, invoking his right to a speedy trial and the Interstate Agreement on Detainers Act.[10] When Gonzales received no response, he filed a "Second Request for Default Judgment" on December 2, 2017, for the State's failure to prosecute him in a timely manner.[11] In March of 2018 Gonzales filed a "Third Request for Default Judgment," invoking the same grounds and requesting an order of dismissal with prejudice concerning the state court charges against him.[12]

Gonzales contends that his requests were not "processed" or acted upon by the District Court of Brazoria County and that, to date, his submissions have been ignored without any ruling.[13] In August of 2018 Gonzales attempted to file an "appeal" with the Court of Appeals for the State of Texas in Houston, but again he received no response.[14] Invoking 42 U.S.C. § 1983, Gonzales now asks this court to order the District Court of Brazoria County to take action on his requests for a default judgment and to "dismiss"

---

[10] Plaintiff's Response, Docket Entry No. 8, p. 3.

[11] Id.

[12] Id. at 4.

[13] Id. at 5.

[14] Id. at 6-8. The court asked Gonzales to clarify whether his appeal was filed with the First Court of Appeals or the Fourteenth Court of Appeals, both of which are located in the same building in downtown Houston, but he responded only that he mailed his submission to "301 Fannin Street, Houston, Texas 77002-2066." Id. at 6.

any state court criminal charges against him for lack of prosecution.[15]

## II. Discussion

Although Gonzales invokes the civil rights statute found at 42 U.S.C. § 1983, he seeks injunctive relief that is in the nature of a writ of mandamus. The federal mandamus statute provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Both the District Court for Brazoria County and the Court of Appeals in Houston are state agencies operated by state or local officials, not by officers or employees of the United States. This court has no power to grant injunctive relief or issue federal writs of mandamus to direct state officials in the performance of their duties. See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Accordingly, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted. See Johnson v. Bigelow, 239 F. App'x 865 (5th Cir. 2007) (per curiam) (affirming the dismissal as frivolous of a prisoner's request for injunctive

---

[15]Complaint, Docket Entry No. 1, p. 4.

relief under 42 U.S.C. § 1983 against a state judge because "the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties").

### III. Conclusion and Order

Based on the foregoing, it is **ORDERED** that the Prisoner's Civil Rights Complaint filed by Alejandro Gonzales (Docket Entry No. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy to the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 27th day of February, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE